# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20418-CV-SCOLA/TORRES

EL DORAL OFFICE CONDOMINIUM
ASSOCIATION,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIFTH AND SIXTH AFFIRMATIVE DEFENSES

Before this Court is a Second Motion to Strike Defendant's Affirmative Defenses, contained within its Answer to the Complaint, which was filed by Plaintiff EL DORAL OFFICE CONDOMINIUM ASSOCIATION, INC. ("Plaintiff") on April 2, 2019. [D.E. 14]. Defendant SCOTTSDALE INSURANCE COMPANY ("Defendant" or "Scottsdale") filed a Response in Opposition to the Motion on April 16, 2019. [D.E. 16]. Plaintiff chose not to file a Reply, and so the matter is now fully briefed and ripe for disposition. After our review of the Motion, the Response, and the governing legal authorities, the Motion is **GRANTED without prejudice**.

## I. BACKGROUND

This case is before this Court on a Notice of Removal filed by Defendant on January 31, 2019. [D.E. 1]. Plaintiff initially filed its Complaint in Florida state court on December 28, 2018, asserting two causes of action against Scottsdale: (1) breach of contract for failure to make insurance payments pursuant to an insurance policy covering the subject property; and (2) a request for declaratory relief that the policy at issue covered the loss. [D.E. 1-2]. The coverage issue pertains to damages sustained at a property located in Doral, Florida when Hurricane Irma struck South Florida in September of 2017.

On February 7, 2019, Scottsdale filed its Answer and Affirmative Defenses to the Complaint. [D.E. 4]. Plaintiff now asks that we strike certain affirmative defenses contained within that Answer, arguing that Defendant fails to support each with any factual allegations. [D.E. 14]. The affirmative defenses at issue read as follows:

> **Fifth Affirmative Defense**: The Scottsdale policy limits coverage if there was continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more. The damages claimed by Plaintiff to the interior of the building are excluded from coverage to the extent this exclusion applies and there is no coverage under the Scottsdale policy.
>
> **Sixth Affirmative Defense**: Under the common law and Scottsdale policy there is no coverage under the policy to the extent the insured did not use all reasonable means to save and preserve the property from further damage at the time of and after the loss. To the extent any damage was caused by neglect or failure to mitigate the damages claimed by the Plaintiff must be reduced or totally excluded.

[D.E. 4, p. 4.]. Defendant, in response, argues that both affirmative defenses are sufficiently detailed to put Plaintiff on notice about the defenses Scottsdale intends

to assert at trial, which requires us to deny the Motion. We disagree with Defendant's position and find the defenses should be struck.

## II.     ANALYSIS

An affirmative defense is one that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). The purpose of an affirmative defense is to give the opposing party notice of an issue so that the opposing party may prepare to properly litigate the issue raised. *Losado v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1998)).

Rule 12 permits a court to strike an insufficient affirmative defense. Fed. R. Civ. P. 12(f). The striking of such a defense, however, is a drastic remedy that courts generally disfavor. *Electronic Comm. Tech., LLC v. Clever Athletics Co., LLC*, 221 F. Supp. 3d 1366, 1367 (S.D. Fla. 2016). Nevertheless, a defendant "must allege some additional facts supporting [an] affirmative defense," *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010), and such defenses should be stricken if they only recite "bare bones conclusory allegations". *Losado*, 296 F.R.D. at 690. Likewise, "shotgun pleading" of any affirmative defense should not be tolerated, and a court is tasked with removing vague or ambiguous defenses that do not respond to any particular count or allegation found within a complaint. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

As an initial matter, we disagree with Defendant that affirmative defenses are subject to a lower pleading standard than is required for a complaint. [D.E. 16]. We acknowledge that there is currently a split in authority with regard to this question; but in our view, affirmative defenses should comply with Rule 8 of the Federal Rules of Civil Procedure, and hold that a defendant must bring forth *facts* to support and successfully plead any affirmative defense. *See* Fed. R. Civ. P. 8(a); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). The undersigned has been consistent in this view of the matter, and with no binding Eleventh Circuit case to guide us, we will continue to maintain our position on the issue. *See Gomez v. 1131 Kent, LLC*, 2019 WL 498745, at *1 (S.D. Fla. Feb. 8, 2019); *Rubinstein v. Keshet Inter Vivos Trust*, 2019 WL 295942, at *2-3 (S.D. Fla. Jan. 23, 2019); *Exworks Capital Fund I, L.P. v. TFS RT Inc.*, 2018 WL 7824273, at *1 (S.D. Fla. Sept. 26, 2018); *Amerikooler, LLC v. Americooler, Inc.*, 2018 WL 6523503, at *1 (S.D. Fla. July 5, 2018) (" Indeed, several of our own recent decisions on the issue make clear our view that affirmative defenses must be held to the same pleading scrutiny imposed by Rule 8's plausibility standard.").

We find that both affirmative defenses should be stricken, albeit without prejudice. Contrary to Defendant's assertion, the affirmative defenses do not give Plaintiff "fair notice" because each lacks factual support. When looking at the fifth affirmative defense, for example, Defendant failed to include any facts that could support its claim that water seeped into the property for a period lasting more than fourteen days. If Defendant was in possession of those facts, it should have included

them in the defense; but its use of the word "if" indicates that no such factual support exists at present, which would render the affirmative defense toothless at this stage of the proceedings. *See Exworks*, 2018 WL 7824273, at *3 ("Plaintiff relies on conclusory statements that Defendant's counter-claim is barred or limited, but does not put forward any facts to support such a broad defense.").

The same can be said for the sixth affirmative defense. The inclusion of the term "to the extent" within the pleading undermines any claim that the affirmative defense can supported by facts known to Scottsdale at this moment. If such facts were known, they would almost certainly have been included. *MSP Recovery LLC v. Allstate Ins. Co.*, 2017 WL 3536918, at *2 (S.D. Fla. Aug. 17, 2017) ("Defendant, however, fails to support its assertions with any facts that indicate that Plaintiff did, indeed, fail to mitigate damages and offers nothing beyond conclusory statements that this *may* have occurred. Such assertions, without more, do not satisfy the requirements of Rule [8] and Rule 12, and the defense should therefore be stricken."). Thus, the affirmative defense should be stricken without prejudice.

If, during discovery, Scottsdale determines that Plaintiff indeed failed to mitigate damages, leave should be given to amend the affirmative defense and assert the facts supporting same. At this point, though, Defendant relies on nothing more than bare bone conclusory statements to support the defense at issue, which is insufficient under Rule 8. *See Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668, at *6 (S.D. Fla. May 8, 2008) ("Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery.").

### III. CONCLUSION

For these reasons, we will **GRANT** the Motion without prejudice. Defendant is hereby **ORDERED** to file an amended answer within ten (10) days of this Order, removing the stricken affirmative defenses discussed herein.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of May, 2019.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge